UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　　　v.<br><br>FREDERICK VERNON WILLIAMS, et al.,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:12-CR-463 JCM (VCF)<br><br>ORDER |

Presently before the court is the matter of *USA v. Williams, et al.*, case no. 2:12-cr-00463-JCM-VCF-3. Defendant Jacqueline Louisa Gentle filed a notice of appeal on July 10, 2020. (ECF No. 1002). The Ninth Circuit construed petitioner's notice as a motion to reopen the time for appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) and remanded the case to this court for consideration. (ECF No. 1005).

This court dismissed petitioner's § 2255 motion on February 28, 2020, and entered judgment the same day. (ECF Nos. 989, 990). Ordinarily, petitioner was required to file her notice of appeal within sixty (60) days after entry of this court's order and judgment. Fed. R. App. P. 4(a)(1)(B). However, Rule 4(a)(6) provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

**James C. Mahan**
**U.S. District Judge**

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

In *United States v. Withers*, the Ninth Circuit noted that "Rule 4(a)(6) gives a district court discretion in deciding whether to grant a motion to reopen. But that discretion is limited." *United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011) (citations omitted).  In particular, the court held that:

> Where a moving party makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to reopen based solely on the party's failure to learn independently of the entry of judgment.

*Id.* at 1061–62.

Rule 4(a)(6)(B) is satisfied.  Petitioner filed the instant motion on July 10, 2020, which is within 180 days of this court's February 28, 2020, order and judgment.  Thus, the only issues before the court are whether petitioner received notice of this court's order within 21 days after entry and whether the government would be prejudiced by reopening the time for appeal.  *See* Fed. R. App. P. 4(a)(A) and (C).

On March 23, 2020, this court received notice through the CM/ECF system that mail containing this court's order to petitioner in the Otay Mesa Detention Center ("Otay Mesa") was returned as undeliverable.  (ECF No. 991).  In her notice of intent to appeal, petitioner indicates that she was transferred to Joe Corley Detention Center in February 2020, and in April 2020, was transferred again to Columbia Regional Care Center.  (ECF No. 999).  As a result, the court finds that petitioner did not receive notice of this court's order.

Next, the court must determine whether the government will be prejudiced by reopening the time for appeal.  The court declined to issue petitioner a certificate of appealability in full.  Consequently, petitioner "may request a circuit judge to issue it" pursuant to Fed. R. App. P. 22(b)(1).  *See also* Ninth Circuit Rule 22-1.  The government is not prejudiced by petitioner availing herself of the legal recourse made available to her by statute.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Because petitioner did not receive notice of this court's order, she filed the instant motion within 180 days of that order, and the government will not be prejudiced by petitioner appealing this court's order, the court finds that petitioner satisfies the requirements of Rule 4(a)(6). Thus, the court grants petitioner's motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to reopen time for appeal (ECF No. 1002) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall serve a copy of this order on the Ninth Circuit Court of Appeals.

DATED August 24, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -